USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/15/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
UNITED STATES OF AMERICA,                      :
                                               :
         -against-                             :    19-CR-212-2 (VEC)
                                               :
PERRY WELLS,                                   :    ORDER
                                               :
                           Defendant.          :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

WHEREAS on January 11, 2022, Mr. Wells filed a letter alleging infirmities with his criminal conviction and sentence, Dkt. 312;

WHEREAS Mr. Wells expressly requested that his letter not be characterized as a motion, petition, or complaint, *id.*;

WHEREAS on January 19, 2022, the Court informed Mr. Wells that certain aspects of his letter could be construed as a petition for habeas corpus pursuant to 18 U.S.C. § 2255, Dkt. 314;

WHEREAS the Court explained that, pursuant to *Adams v. United States*, 155 F.3d 582 (2d Cir. 1998), "district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized," *id.* (quoting *Adams*, 155 F.3d at 584);

WHEREAS the Court further explained that, pursuant to *Castro v. United States*, 540 U.S. 375 (2003), "the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions," *id.* (quoting *Castro*, 540 U.S. at 383);

WHEREAS given that caselaw, the Court found "that Mr. Wells motion should be considered as one made under 18 U.S.C. § 2255 because of the nature of the relief sought" and under *Adams v. United States*, 155 F.3d 582 (2d Cir. 1998) and *Castro v. United States*, 540 U.S. 375 (2003), the Court offered Mr. Wells the opportunity to withdraw his motion, *id.*;

WHEREAS the Court ordered Mr. Wells that "[b]y no later than Friday, February 25, 2022, [he] must inform the Court whether he is withdrawing this motion or whether he would like the Court to construe it as a petition for a writ of habeas corpus filed pursuant to 18 U.S.C. § 2255," and that "[i]f Mr. Wells elects for the Court to construe this letter as a petition for a writ of habeas corpus, then the Court will consider it on the merits," *id.*; and

WHEREAS to date, Mr. Wells has not responded to the Court's Order.

IT IS HEREBY ORDERED that the Court construes the pertinent portions of Mr. Wells' January 11, 2022 letter (Dkt. 312) as a petition for a writ of habeas corpus pursuant to 18 U.S.C. § 2255.

IT IS FURTHER ORDERED that Mr. Wells' petition for a writ of habeas corpus is DENIED. Mr. Wells' letter argues in a conclusory fashion that he received ineffective assistance

of counsel from his attorney, Bradley Henry. His letter states that "prior to the Plea Agreement execution = I was only saying what Brad ….. Henry had advised me to say in court – and being in the position I was in – I felt he had my best interest at heart but I now realize that he was just after money and being paid for not really representing me." Letter, Dkt. 312 at 1. The letter further states that at the change-of-plea proceeding, "I truly did not understand any of what was going on and Brad Henry – really did not explain the entire process – and I was just going with the flow." *Id.* Those two statements are the only two portions of his letter that could support potential claims of ineffective assistance of counsel.

To prove ineffective assistance of counsel, a Petitioner must show that counsel's performance was: (1) deficient, such that "counsel's representation fell below an objective standard of reasonableness under prevailing professional norms," and (2) prejudicial, such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lynn v. Bliden*, 443 F.3d 238, 247 (2d Cir. 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).

Mr. Wells has not made either showing. Given the conclusory nature of the two sentences about Mr. Henry's purported deficient representation, the Court cannot conclude that the representation fell below an objective standard of reasonableness. Regardless of Mr. Perry's retroactive reflection that Mr. Henry "was just after money," and that the entire process was not really explained to him, without any information about what Mr. Henry did or did not say or explain to his client, the Court cannot conclude that the representation was deficient. Moreover, even if Mr. Henry had explained the entire process to him, there is nothing in the record to suggest that Mr. Wells would not have chosen to plead guilty pursuant to the same plea

agreement. Accordingly, the Court cannot conclude that any deficiencies — were they to have existed — were prejudicial. In short, Mr. Wells' petition for habeas corpus is DENIED.

IT IS FURTHER ORDERED that the Court declines to issue a certificate of appealability. Petitioner has not made a substantial showing of a denial of a federal right pursuant to 28 U.S.C. § 2253(c), and appellate review is therefore not warranted. *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005).

IT IS FURTHER ORDERED that the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

IT IS FURTHER ORDERED that the Clerk of Court is directed to open a parallel civil case for Mr. Wells' habeas petition. The letter at 19-CR-212, Dkt. 312, should be docketed as docket entry 1, the endorsement at 19-CR-212, Dkt. 314, should be docketed as docket entry 2, and this Order should be docketed as docket entry 3 in the new civil case. The Clerk is further directed to close the newly opened civil case.

The Clerk of Court is respectfully directed to mail a copy of this Order to Perry J. Wells, Reg. No. 86769-054, USP Lewisburg, U.S. Penitentiary, P.O. Box 1000, Lewisburg, PA 17837, and to note the mailing on the docket.

**SO ORDERED.**

**Date: April 14, 2022**
**New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**